**SO ORDERED.**

**SIGNED this 9 day of September, 2016.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## FAYETTEVILLE DIVISION

IN RE:
ANTHONY MCGREGOR                                   CHAPTER 13
TASHA MCGREGOR                                      CASE NO. 15-05635-5-JNC

      DEBTORS

### ORDER DENYING MOTION TO ENFORCE JUDGMENT

Pending before the court is the Motion to Enforce Judgment for a Specific Act filed by

creditor Larry Haney d/b/a Raeford Collision Center (the "Movant") filed pursuant to Federal Rule

of Bankruptcy Procedure 7070 on July 28, 2016 (Dkt. 29; the "Motion").  No response or objection

to the Motion was filed, but due to lack of subject matter jurisdiction, this court is unable to grant

the relief requested and the Motion is denied without prejudice.

Anthony and Tasha McGregor (the "Debtors") filed a voluntary petition for relief under

chapter 13 of the Bankruptcy Code on October 15, 2015.  At the time of filing, they owned a 2005

Nissan Armada (the "Vehicle") then located at the Movant's place of business, where it had been

undergoing repairs.  The repair bill remained unpaid at the time of filing, so Movant retained the

Vehicle post-petition in order to preserve and protect his state law possessory lien rights securing

the unpaid repair bill.  About five months later, on March 17, 2016, the Vehicle was returned to

the Debtors pursuant to the terms of a consent order executed by the Debtors and Movant, and

entered by the court (Dkt. 21; the "Consent Order"). No underlying pleadings relating to the

Consent Order were filed in the case, so the document is the only evidence of the understanding and agreement of the parties regarding the Vehicle's return.  Given the court's approval and its subsequent recordation in the official case docket, the Consent Order is a "final" order for all purposes under the Federal Rules of Bankruptcy Procedure and the specified Federal Rules of Civil Procedure adopted therein by reference.

The Movant returned the Vehicle to the Debtors in reliance upon, among other things, the following stated and pertinent conditions in the Consent Order:

1. The trustee was to disburse an adequate protection payment of $1,500 at a rate of no less than $125.00 per month from the Debtor's chapter 13 plan;

2. Adequate collision insurance would be maintained on the Vehicle and it would not be removed from North Carolina;

3. Movant was granted a secured claim in the amount of the balance of the repair bill ($6,129.74 according to the amended claim, Claim No. 11-2) after application of the adequate protection payments with post-petition interest accruing at the *Till* rate; and

4. Movant was granted partial relief from the automatic stay of 11 U.S.C. § 362 to enable it to record a lien on the certificate of title for the vehicle with the North Carolina Department of Transportation, Division of Motor Vehicles (the "DMV") in order to perfect its secured lien against the Vehicle.

The Consent Order also provided that the case would be dismissed should the Debtors' payments to the chapter 13 trustee be more than 30 days delinquent during the 12 months following entry of the consent order. Meanwhile, the Debtors fell behind on their chapter 13 plan payments and entered a separate consent order with the trustee dated May 18, 2016 (Dkt. 25) requiring that they make certain subsequent payments on a timely basis or the chapter 13 case would be dismissed without the need for further motion, notice, or hearing (the "Drop Dead Order").  When the Debtors defaulted on their obligations under the Drop Dead Order, including making the required monthly payments on a timely basis, their chapter 13 case was dismissed by a separate order dated July 18,

2016 (Dkt 27; the "Dismissal Order").  The Motion was filed ten days after entry of the Dismissal Order. The Dismissal Order contained no conditions or retention of jurisdiction and was not appealed or otherwise delayed from going into effect.

According to the uncontested allegations contained in the Motion, the Movant promptly complied with the Consent Order and returned the Vehicle to the Debtors, but they failed to comply with the requirements of the Consent Order, including the duty to produce the certificate of title to Movant so that it could record a proper lien on the Vehicle with the DMV. The Debtors have apparently refused to return the Vehicle to Movant, which alternatively would serve to put the parties back in the same position as at the time of the filing of the bankruptcy case. The prayer for relief contained in the Motion asks this court to enter a new order "divesting title" to the Vehicle from the Debtors to the Movant, "or in the alternative the court issue and (sic) order of attachment and sequestration for the delivery" of the Vehicle, apparently under state law.  The Movant also seeks to have the Debtors held in contempt of court.

While the exact relief requested in the Motion may or may not overstep the bounds of the parties' agreement as contained in the Consent Order (it lacks default and remedy clauses), if the chapter 13 case remained open then undoubtedly Movant would be entitled to some form of relief *from this court*.  However,  as shown by the timing of the Motion, the Movant sat on its remedies too long and as a consequence this court can no longer help the Movant because, simply put, the bankruptcy case is over.  No motion to reopen the bankruptcy case or timely motion to amend the Dismissal Order to retain jurisdiction over the Vehicle was made under Rule 9023 of the Federal Rules of Bankruptcy Procedure, which adopts Rule 59 of the Federal Rules of Civil Procedure with a reduction in time for action to fourteen (14) days. Also, no motion to reopen the case was filed under Rule 9024 of the Federal Rules of Bankruptcy Procedure, which adopts Rule 60 of the

Federal Rules of Civil Procedure with several modifications. The bankruptcy case remains closed and nothing has been done to re-open it.

Consequently, the Dismissal Order is a final and nonappealable order, and with it the bankruptcy court's subject matter jurisdiction over the Debtors' bankruptcy case dissipated. *See In re Westgate Nursing Home, Inc.*, 518 B.R. 250, 255 (Bankr. W.D.N.Y. 2014). Without jurisdiction, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971).  Because a bankruptcy court derives its original jurisdiction from the bankruptcy case itself, and not the assets or parties, it is a court of specific rather than general jurisdiction. As a result, with the case dismissed, this court is not able to "affect the rights of litigants before it . . . and the court lacks subject matter jurisdiction to decide it."  *Westgate*, 518 B.R. at 256; *see also Fox v. Bd. of Trs. of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994).

Nevertheless, all might not be lost for Movant, as the conclusion that a breach of the terms of the Consent Order by the Debtors occurred has merit, assuming that the uncontested allegation that they failed to produce the Certificate of Title for filing of a lien with the DMV is true.  The failure of the Debtors to obey the spirit if not the letter of the Consent Order has consequences that another court with current jurisdiction is free to enforce.

Dismissals of bankruptcy cases are governed by 11 U.S.C. § 349(b), which reads:

(b) Unless the court, for cause, orders otherwise, the dismissal of a case other than
   under section 742 of this title —
      (1) reinstates—
        (A) any proceeding or custodianship superseded under section 543 of
   this title;
        (B) any transfer avoided under section 522, 544, 545, 547, 548, 549,
   or 724(a) of this title, or preserved under section 510(c)(2),
        (C) any lien avoided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

As a result, upon the dismissal of a bankruptcy case, 11 U.S.C. § 349(b) rolls back the clock and the parties' relative rights in estate property existing as of the minute before a bankruptcy petition's filing are reinstated. In this case, at the time of filing, Movant's possession of the Vehicle gave rise to possessory security interest rights under North Carolina law, which were potentially enforceable in the bankruptcy case. The Consent Order modified the relative rights of the parties by requiring the return of the Vehicle, effectively constituting an agreed order for turnover order issued under 11 U.S.C. § 542.  Because orders issued under 11 U.S.C. § 542 are vacated upon dismissal by operation of Section 349(b)(1)(B), and Movant's pre-bankruptcy case rights in the Vehicle are revested by Section 349(b)(3), Movant's security interest in the Vehicle should be enforceable at least against the Debtors.  However, because no reservation of partial jurisdiction or conditions were made in the Dismissal Order, and the Debtors' bankruptcy case has not been refiled or reinstated (even if it could be), this court lacks the power to act on Section 349(b)'s effects.  If the matter were properly placed before another court of general jurisdiction, such as the Superior Court of North Carolina, that body could consider the relative rights of the parties in the Vehicle.

The effect of Section 349(b) and resultant rights of parties in former bankruptcy estate assets after termination of a bankruptcy case are not limited to federal courts; state courts can and do enforce bankruptcy orders when not subject to the automatic stay. For example, state courts and bankruptcy courts hold concurrent jurisdiction over whether a debt has been discharged under § 523(a)(3) of the Bankruptcy Code. *In re Massa*, 217 B.R. 412 (Bankr. W.D.N.Y. 1998); *Fidelity National Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913 (Bankr. E.D. Cal. 1995), *In re*

*Christenson,* 2011 WL 2185854 (N.D. Ala 2012). And because contract interpretation is an issue of state law, the state courts are perfectly well-suited to interpret prior orders issued by bankruptcy courts that amount to contracts, such as chapter 11 confirmation orders. *See In re Sunbrite Cleaners, Inc.* 284 B.R. 336 (N.D.N.Y. 2002).

Two exceptions to the rule of complete loss of jurisdiction upon case dismissal exist, but neither instance applies here. The first, which enjoys near-universal acceptance, is the situation in which the terms of the dismissal order itself (or other applicable document, such as an order confirming plan in a reorganization case) expressly provides for continued jurisdiction, sometimes called "carve-out jurisdiction." Here, nothing was reserved or carved out in the Dismissal Order, the Consent Order, or any other order entered in this case. The second instance, which is not universally accepted, is the inherent jurisdiction of a bankruptcy court to consider final fee applications in chapter 11 reorganization and chapter 13 wage earner cases. The retention of limited jurisdiction to consider final fee applications is more in the nature of "clean-up" jurisdiction founded in a bankruptcy court's authority over professionals under the fee provisions contained in 11 U.S.C. §§ 330 and 331 and in 28 U.S.C. § 1334(b). *See In re Sweports, Ltd*., 777 F.3d 364, 367 (7th Cir. 2015). Further, Section 349(b) does not reference the cited professional fee statutes, while it does reference and control the post-dismissal effect of Section 542 turnover orders as discussed above.

For the reasons stated, the court regretfully finds that it lacks the jurisdiction necessary to consider allowing relief for Movant related to the Vehicle. The Motion is therefore denied without prejudice. Nothing herein shall prevent Movant from seeking redress in another forum that has current jurisdiction.

**END OF DOCUMENT**